UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW PETER O'NON,

       Petitioner,                            Case No. 1:10-CV-533

v.                                              HON. ROBERT J. JONKER

THOMAS BIRKETT,

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Matthew O'Non, has filed an Objection (docket #58) to Magistrate Judge Hugh W. Brenneman's Report and Recommendation issued August 30, 2013 (docket #55). The Report and Recommendation recommends that this Court deny O'Non's habeas corpus petition. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, O'Non's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

I. Background

After a jury trial, O'Non was convicted of two counts of first-degree premeditated murder for the deaths of Manuel Longoria and Raul Ramirez. (*People v. O'Non*, No. 263626 (Mich. App. Dec. 19, 2006), docket #37, at 1.) It is undisputed that O'Non owed Longoria and Ramirez more than $25,000 in drug debt and that he shot them on May 1, 2004 in the driveway of a rental cottage owned by O'Non's parents. (*Id.*) At trial, the prosecutor argued that O'Non had lured the victims to the cottage, where he was lying in wait, and shot them with an automatic rifle. (*Id.*) O'Non argued that the victims were threatening to kill him and he shot them in self-defense after Longoria fired at him. (*Id.*) The disputed issue at trial was premeditation.

II. Petitioner's Objections

O'Non objects that the magistrate judge erred in concluding that: (1) claims III and IV were procedurally defaulted, (2) O'Non's trial did not violate his rights under the Confrontation Clause of the Sixth Amendment, (3) O'Non is not entitled to habeas relief due to the trial court's denial of his motion for a mistrial, (4) O'Non's trial counsel was not constitutionally ineffective, (5) O'Non's appellate counsel was not constitutionally ineffective, and (6) O'Non's claims for denial of post-conviction relief are not cognizable in federal habeas review.

A. Procedural Default of Claims III, IV

O'Non first objects that his claims are not procedurally defaulted because the Michigan Court of Appeals conducted a plain error review of issues raised for the first time on appeal. The magistrate judge addressed this issue in the Report and Recommendation, noting "[t]he state court's plain error analysis did not save petitioner from the procedural default of these issues." (Docket #55, Page ID 342.) "Plain error analysis is more properly viewed as a court's right to overlook procedural

2

defects to prevent manifest injustice, but is not equivalent to a review of the merits." *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *see also Paprocki v. Foltz*, 869 F.2d 281, 284–85 (6th Cir. 1989) (limited review on the merits to prevent "manifest injustice" does not constitute waiver of procedural default). In this case, the Court agrees that the Michigan Court of Appeals's decision to conduct a limited, plain error review is not sufficient to waive procedural default.

Construed liberally, O'Non's Objection could also be read to object to the magistrate judge's conclusion that O'Non has not established a fundamental miscarriage of justice. (Objection, docket #58, Page ID 377 ("[t]hese errors is [sic] clearly of constitutional magnitude and habeas review is required.").) However, as the magistrate judge has observed, O'Non has not presented any new evidence that he was actually innocent of the crime, so he has not satisfied the "miscarriage of justice" exception to procedural default. *See Schlup v. Delo*, 513 U.S. 298, 321, 324 (1995). Thus, the Court agrees that claims III and IV are procedurally defaulted.

### B. Confrontation Clause

Second, O'Non argues that the magistrate judge erred in concluding that O'Non's trial did not violate his constitutional rights under the Confrontation Clause. Specifically, O'Non argues that he did not have the opportunity to adequately cross-examine Jorge Luis Roman at a preliminary examination, so admission of Roman's testimony at trial[1] violated the Confrontation Clause. Before the Michigan Court of Appeals, O'Non argued that, at the time of the preliminary examination, he lacked the telephone records that would have made his cross-examination more effective. The Michigan Court of Appeals addressed this issue, stating:

---

[1] Roman was unavailable at trial because he invoked his Fifth Amendment privilege against self-incrimination. (Trial Tr. II, docket #26, at 278–84; Trial Tr. III, docket #27, at 3–7.)

> Defendant maintains that the telephone records would have revealed that Roman was a friend of the Longoria family and heavily involved in drug trafficking with them.
>
> Defendant does not explicitly explain why the telephone records and information about Roman's contacts with the Longoria family were essential to an effective cross-examination. He presumably would have used this evidence to show that Roman's connections to Longoria and his family made him a biased witness. But the Confrontation Clause guarantees, "only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defendant might wish.'" *People v Chavies*, 234 Mich. App. 274, 283; 593 NW2d 655 (1999), overruled on other grounds in *People v Williams*, 475 Mich. 245; 716 NW2d 208 (2006), quoting *United States v Owens*, 484 U.S. 554, 559; 108 S. Ct. 838; 98 L Ed 2d 951 (1988). Cross-examination "is sufficient" if "the defendant has the opportunity to bring out such matters as the witness' bias . . . ." *Id.*
>
> Here, we are not convinced that defendant did not have the opportunity to pursue the issue of Roman's possible bias as a witness in his cross-examination of Roman at the preliminary examination. Defendant was aware that Roman was also involved in trafficking drugs and was aware that Roman had met with Longoria and Ramirez before they were killed. Defendant was not restricted in his cross-examination of Roman at the preliminary examination and, even without the telephone records, defendant had the opportunity to explore Roman's relationship with Longoria to show Roman's possible bias. Moreover, the telephone records would only have revealed that calls were placed or received, not the substance of any calls. Because defendant had a prior opportunity and similar motive to develop Roman's testimony through cross-examination at the preliminary examination, the admission of Roman's testimony through cross-examination at defendant's trial did not violate defendant's rights under the Confrontation Clause. The trial court did not abuse its discretion in allowing this evidence at defendant's trial.

(*People v. O'Non*, No. 263626, docket #37, at 2.)

In a brief in support of his habeas petition, O'Non explicitly relies on the same facts and legal argument for this claim that he raised to the Michigan Court of Appeals, and attaches the same brief. (Mem. in Support of Habeas Pet., docket #1, at 1 (stating that petitioner relies on the same facts and legal arguments that he presented to the Court of Appeals); *id.*, App. A, at 15–20 (statement of facts and legal argument).) In his Objection, however, O'Non now expands his argument to object that

4

he was also not prepared at preliminary examination because he did not have store camera photos that would have shown that he was in a different county at the time that Roman claimed O'Non and Roman met at the scene of the crime. (Objection, docket #58, Page ID 377–78.) The Court declines to consider O'Non's new argument that he did not raise before the magistrate judge. It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. In *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000), the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in objection to a Report and Recommendation, and that failure to raise the argument before the magistrate judge constitutes a waiver. *Id.* at 902 n.1. "The Magistrate Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009) (internal quotation marks and citation omitted). Thus, in accordance with the practice in this district,[2] the Court declines to consider O'Non's argument concerning the store camera.

Regarding O'Non's argument that he was not able to sufficiently cross-examine Roman because he did not have access to telephone records, the magistrate judge concluded that the Michigan Court of Appeals decision affirming the trial court's admission of Roman's testimony was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d); (Docket #55, Page ID 347 (citing Preliminary Exam. Tr., docket #19, at

---

[2]*See, e.g.*, *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4–5 (W.D. Mich. Aug. 3, 2010) (Maloney, C.J.); *Wappler v. Huss*, No. 1:08-cv-629, 2009 WL 3055202, at *1–2 (W.D. Mich. Sept. 18, 2009) (Neff, J.).

189–200).) The Court agrees with the magistrate judge and the Court of Appeals that O'Non has not offered a sufficient explanation as to how his lack of access to telephone records prior to the preliminary examination substantially impeded him from conducting a meaningful cross-examination on the issue of bias. Moreover, "[t]he Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v. Owens*, 484 U.S. 554, 559 (1988) (emphasis in original) (internal quotation marks omitted). Therefore, O'Non is not entitled to habeas relief on this claim.

### C. Motion for Mistrial

O'Non also objects to the magistrate judge's conclusion that O'Non is not entitled to federal habeas relief based on the trial court's denial of his motion for a mistrial. O'Non's argument appears to be that he presented his claim to the state court as both a prosecutorial misconduct claim and a federal due process claim. The magistrate judge addressed this argument as follows:

> Petitioner has framed this habeas issue to suggest that he seeks relief based upon prosecutorial misconduct and a denial of due process. However, petitioner presented this issue in the state courts as a state law issue, claiming that the trial judge erred when he did not grant a mistrial. While petitioner's state appellate brief included the sentence "Mr. O'Non was denied a fair and impartial trial" and cited "US Cont. Ams. V, VI, XIV," his cryptic reference to an unspecified federal constitutional violation was insufficient to raise a federal claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("[g]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated.")

(Docket #55, Page ID 350 & n.4.) "The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *McMeans*, 228 F.3d at 681 (quoting *Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir. 1987)). A claim may only be considered

"fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. *Id.* The Sixth Circuit in *McMeans* adopted the analysis of *Petrucelli v. Coombe*, 735 F2d 684 (2d Cir. 1984), in which the court stated, "adequate notice to the state courts that they are to decide federal constitutional claims at least includes:" (1) "reliance on pertinent federal cases employing constitutional analysis," (2) "reliance on state cases employing constitutional analysis in like fact situations," (3) "assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution," and (4) "allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Petrucelli*, 735 F.2d at 688.

In this case, the Court agrees that O'Non's general citation to the V, VI, and XIV Amendments to the United States Constitution would not sufficiently alert a state court that a defendant has asked it to decide a federal constitutional claim in addition to a state claim. In fact, it is clear from the Michigan Court of Appeals's opinion that it interpreted O'Non's claim as a state law claim for prosecutorial misconduct, not a federal constitutional claim. (Docket #37, at 3 (citing Michigan cases applying state evidence law).) Because federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," *Estelle v. McGuire*, 502 U.S. 62, 68 (1991), O'Non may not seek federal habeas relief based on "a perceived error of state law," *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, the Court will overrule O'Non's objection.

### D. Ineffective Assistance of Trial Counsel

Next, O'Non argues that the magistrate judge erred in denying his various claims for ineffective assistance of trial counsel. For each of his ineffective assistance claims, O'Non merely

objects that the magistrate judge's recommendation was "contrary to" various cases.[3] The Sixth Circuit has held that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)); *see also* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations").

In this case, O'Non does not specifically object to the magistrate judge's analysis on the merits, nor does he state any principle of law. As such, the Court finds O'Non's objections are not clear enough for the Court to discern those issues that are dispositive and contentious. Nonetheless, the Court has reviewed the cases cited, and, to the extent they are relevant to O'Non's argument, they are factually distinguishable from O'Non's case and do not support habeas relief.

---

[3] Petitioner cites the following cases in support of his claims: *Strickland v. Washington*, 466 U.S. 668 (1984), *Kimmelman v. Morrison*, 477 U.S. 365 (1986) (counsel's performance was deficient where he failed to file a timely suppression motion and exhibited a "total failure" to conduct pre-trial discovery), *Maryland v. Craig*, 497 U.S. 836 (1990) (the Confrontation Clause reflects a preference for face-to-face confrontation at trial but such confrontation is not absolute), *Sims v. Livesay*, 970 F.2d 1575 (6th Cir. 1992) (counsel ineffective for failing to investigate and present evidence that, consistent with accidental shooting defense, there was powder residue on quilt with bullet holes); *Bigelow v. Williams*, 367 F.3d 562 (6th Cir. 2004) (remanding habeas petition for an evidentiary hearing on whether it was objectively reasonable for counsel to fail to conduct further investigation after an alibi witness came forward and whether he would have likely discovered three other alibi witnesses); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) (establishing an evidentiary standard for admitting expert scientific testimony); *Fahy v. Connecticut*, 375 U.S. 85 (1963) (erroneous admission of unconstitutionally obtained evidence was prejudicial); *Groseclose v. Bell*, 130 F.3d 1161 (6th Cir. 1997) (counsel was ineffective for failing to present a defense theory, conduct meaningful adversarial challenge such as cross-examine more than half of the prosecution's witnesses or make a closing argument, and abdicating his client's case to another counsel whose client's defense was antagonistic).

### E. Ineffective Assistance of Appellate Counsel

O'Non also argues that his appellate counsel's performance was constitutionally deficient. However, O'Non does not present any specific objection to the magistrate judge's analysis on the merits. O'Non merely argues that the magistrate judge's conclusion is "contrary to" *Evitts v. Lucey*, 469 U.S. 387 (1985). In *Evitts*, the Supreme Court held that a criminal defendant is entitled to effective assistance of counsel in an "appeal as of right." *Id.* at 401–02. However, there is nothing in the case to support that O'Non's appellate counsel's refusal to raise meritless or futile arguments on appeal constitutes ineffective assistance of counsel. Accordingly, O'Non's claim for ineffective assistance of appellate counsel will be denied.

### F. Post-Conviction Relief

Finally, O'Non objects that the magistrate judge erred by concluding that O'Non's claims of errors in post-conviction proceedings are not cognizable on federal habeas review. O'Non's objections are based on the merits of his argument for post-conviction relief, not based on the legal principle that his claims are not cognizable on federal habeas review. Upon careful review, the Court concludes that the magistrate judge correctly applied applicable law to O'Non's post-conviction relief claim. *See, e.g.*, *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("[t]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review.") Therefore, the Court will overrule O'Non's objection.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved

9

issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined O'Non's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of O'Non's claims was debatable or wrong. Thus, the Court will deny O'Non a certificate of appealability.

Therefore, the Court will adopt the recommendation of the Report and Recommendation. A separate judgment will issue.


Dated: September 23, 2013                     /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE